```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY  FILED                │
│ DOC #: _____               │
│ DATE FILED:  03/03/06                │
└─────────────────────────────────────┘
```

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2006 MAR 16  PM 1: 05

GREGORY C. LANGHAM
CLERK

BY_____DEP. CLK

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:    (718) 254-6957

ARLENE M. EMBREY (AE9718)
Trial Attorney
Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:    (202) 205-6976
Facsimile:    (202) 481-0324

06 - MC - 0007

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civ. Action No. 06-CV-1564 |
| ) | (SWAIN, J.) |
| **COQUI CAPITAL PARTNERS, LP** ) | (ECF CASE) |
| **a/k/a Tortuga Capital Partners, LP** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

**CONSENT ORDER (JUDGMENT**

Before this Court is the Complaint by the United States of America, on behalf of the

United States Small Business Administration ("SBA"), for a preliminary and permanent

injunction and the appointment of the SBA as Permanent Receiver for Coqui Capital Partners,

LP, a/k/a Tortuga Capital Partners, LP. The Court, being fully advised in the merits and having

been informed that Defendant does not challenge entry of this Order,

**HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

1.     Pursuant to the provisions of 15 U.S.C. § 687c, this Court shall take exclusive jurisdiction of Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP (hereinafter "Coqui"), and all of its assets, wherever located, and the United States Small Business Administration ("SBA") is hereby appointed receiver ("the Receiver") of Coqui to serve without bond until further order of this Court. The Receiver is appointed for the purpose of administering, marshalling and, if necessary, liquidating all of Coqui's assets to satisfy the claims of creditors therefrom in the order of priority as determined by this Court.

2.     The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the general partners, managers, officers, and directors of Coqui under applicable state and federal law and by the Certificate and Limited Partnership Agreement of said limited partnership, in addition to all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The general partners, managers, directors, officers, employees and agents of Coqui are hereby dismissed. Such persons shall have no authority with respect to Coqui's operations or assets, except as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Coqui and shall pursue and preserve all of its claims.

3.     The past and/or present officers, directors, agents, managers, general partners, accountants, attorneys and employees of Coqui, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of said limited partnership and all other assets and property of the partnership, whether real or personal upon notice from the Receiver regarding the time and place of such production. Coqui's General Partner, Tortuga Capital Management, LLC, and/or Coqui's management company, Tortuga Capital Advisors, LLC, shall furnish a written statement

2

to the Receiver within five (5) business days after the entry of this Order, listing the identity, location and estimated value of all assets of Coqui, as well as the names, addresses and amounts of claims of all creditors of Coqui of which Coqui, Tortuga Capital Management, LLC or Tortuga Capital Advisors, LLC have knowledge. All persons having control, custody or possession of any assets or property of Coqui, including Tortuga Capital Management, LLC and Tortuga Capital Advisors, LLC are hereby directed to turn such property over to the Receiver.

4.  The Receiver shall promptly give notice of its appointment to all known general and limited partners, officers, directors, agents, managers, employees, shareholders, creditors, debtors and agents of Coqui. All persons and entities owing any obligations or debts to Coqui shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver, and its receipt for such payments shall have the same force and effect as if Coqui had received such payments.

5.  The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Coqui, to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the Receivership including, but not limited to, attorneys and accountants, and is further authorized to expend Receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of Receivership funds for payments to personnel employed by the Receiver or payments for expenses incidental to administration of the Receivership. In addition, the Receiver is authorized to reimburse the SBA or its employees for travel expenses incurred by SBA personnel in the establishment and administration of the Receivership. The Receiver may, without further order of

3

this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate, which would result in net proceeds to the Receiver.

6. Coqui's past and/or present officers, directors, agents, managers, general partners, shareholders, employees, and other appropriate persons (including, without limitation, the defendant's portfolio of small business concerns and banks or other financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath, pursuant to a Receiver's Notice or Subpoena, to the Receiver, all questions which it may put to them regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Coqui. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other form of discovery concerning the assets, property or business assets of Coqui or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Coqui, the Receiver shall direct notice for any such appearance by certified mail, and said persons shall appear and give answer to the Receiver, produce documents or submit to any other form of discovery in accordance with the Federal Rules of Civil Procedure.

7. The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Coqui or any assets of Coqui, involving Coqui or its present or past officers, directors, managers, or general partners or the Receiver, which parties have brought suit or have been sued for, or in connection with, any action taken by Coqui's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of

4

Case 1:06-mc-00007-NONE Document 2 Filed 03/16/06 USDC Colorado Page 5 of 8

Coqui, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

8. All pending civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Coqui or any of its assets or any action of any nature taken by Coqui's present or past officers, directors, managers, or general partners which parties have brought suit or have been sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Coqui and its past and/or present directors, officers, managers, general partners, agents, employees and other persons acting in concert or participation therewith shall be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and property of Coqui to the detriment of the Receiver appointed in this cause, including but not limited to destruction of partnership records, or which would violate the Small Business Investment Act of 1958, as amended, (the "SBIA"), 15 U.S.C. Sections 661, et seq., or the regulations promulgated thereunder (the "Regulations"), 13 C.F.R. Sections 107.1, et seq.

10. The Receiver is authorized to borrow on behalf of Coqui, from the SBA, up to $1,000,000, and is authorized to cause Coqui to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which Certificates will bear interest at or about ten (10) percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations

5

of Coqui, excluding administrative expenses of the Receivership, whether presently existing or hereinafter incurred, including without limitation any claims of stockholders of Coqui.

11.     This Court determines and adjudicates that Coqui has violated the capital impairment provisions of the SBIA and the Regulations as alleged in the Complaint filed in this matter. After completing its activities in accordance with this Order, the Receiver may submit a report to this Court recommending that Coqui's license as an SBIC be revoked.

12.     The United States Small Business Administration is further entitled to a judgment against Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP, in the total sum of $5,737,721.39, including principal of $5,457,033.33 and accrued interest and fees in the amount of $280,688.06 as of January 19, 2006 with a per diem rate of $1,113.83, plus post judgment interest pursuant to 28 U.S.C. § 1961 as of the date of entry of this Order.

13.     The election of Tortuga Capital Management, LLC not to challenge this Order shall not affect, alter or waive any rights, claims or defenses of the limited partners of Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP.


**AGREED TO AND ACKNOWLEDGED:**

United States Small Business Administration


By:     _____

Thomas G. Morris, Director     2-17-06
Office of Liquidation


Coqui Capital Partners, LP, a/k/a Tortuga Capital Partners, LP


By:     _____

Tortuga Capital Management, LLC,
its general partner, through


6

_____
Isaac Kier

_____
Jeffrey Koffman

_____
Jeffrey Davidson

Its Members.

**SO ORDERED** this _____ day of _____, 2006.


_____
**UNITED STATES DISTRICT JUDGE**

7

_____

Isaac Kier

_____
Jeffrey Koffman

_____
Jeffrey Davidson

Its Members.

**SO ORDERED** this 3rd day of ___March___ , 2006.

_____
**UNITED STATES DISTRICT JUDGE**

7